# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| JACK C. OGG, *et al.*, § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL CASE NO. H-09-4015 |
| § | |
| AVIVA LIFE & ANNUITY CO., § | |
| *et al.*, § | |
| Defendants. § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Remand [Doc. # 12] filed by Plaintiffs Jack C. Ogg and Connie S. Ogg, to which Defendant Aviva Life & Annuity Company ("Aviva")[1] filed a Response [Doc. # 17], Plaintiffs filed a Reply [Doc. # 20], and Defendant filed a Surreply [Doc. # 21].[2] Having carefully considered the full record and applied governing legal authorities, the Court concludes that Defendant Been & Associates, Inc. ("Been") was not improperly joined. As a result, there does not exist complete diversity among the parties and the Court lacks subject

---

[1] Defendant Indianapolis Life Insurance Company is now known as Aviva Life & Annuity Company and, consequently, the two will be referred to herein collectively as "Aviva."

[2] Also pending is Defendants' Motion to Dismiss [Doc. # 14], which is denied without prejudice to being reurged following remand.

matter jurisdiction over this case. The Motion to Remand is **granted**, and the case will be remanded to the 129th Judicial District Court of Harris County, Texas.

I. **BACKGROUND**

Plaintiffs are the policy holder/beneficiary under a life insurance policy issued by Defendant Aviva and sold to them by Been. Plaintiffs allege they have discovered that the premiums charged "exceeded the premiums charged to and paid by others similarly situated." *See* First Amended Complaint [Doc. # 8], ¶ 4.[3] Plaintiffs also allege that Aviva and Been knew of and failed to disclose the existence of a class action lawsuit regarding, *inter alia*, Aviva's alleged practice of charging excess premiums. In the First Amended Complaint, Plaintiffs allege also that Defendants presented premium charges to them that were "in excess of the charges that should have been applied and collected" and that the presentation of those charges was fraudulent. *See id.*, ¶ 10.

---

[3] Although it is not clear from the First Amended Complaint, it appears from a letter dated November 6, 2007, that Plaintiffs claim they were originally told that they would be required to pay "$357.32 for $400,000.00 in life insurance coverage," after which the policy "would pay for itself so long as [the] payments were made." *See* Letter dated November 6, 2007, from Jack Ogg, attached as part of Exh. E to Defendants' Response [Doc. # 17]. Plaintiffs then explain in the letter that all payments were made but they now have been informed that the "rate varies by the month and [Jack Ogg's] age." *Id.*

Plaintiffs assert causes of action against Aviva and Been for fraud, negligent misrepresentation, breach of contract, and breach of fiduciary duty. Plaintiffs also allege that Aviva and Been violated the Texas Deceptive Trade Practices Act ("DTPA"), section 17.46(b) of the Texas Business and Commerce Code.

Defendants removed the case from state court, after which Plaintiffs filed the First Amended Complaint adding Been as a non-diverse Defendant.  Plaintiffs then filed their Motion to Remand, asserting that there was not complete diversity of citizenship among the parties and the Court, therefore, lacked subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).  Defendants oppose remand, arguing that Been was improperly joined and, as a result, its citizenship should be disregarded.  The Motion to Remand has been fully briefed and is ripe for decision.

## II.     LEGAL STANDARD FOR IMPROPER JOINDER

"'Federal courts are courts of limited jurisdiction.' " *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'"  *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)).  The court "must presume that a suit lies outside this limited

jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 832 (E.D. Tex. 2008) (quoting *Howery*, 243 F.3d at 916); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

"A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." 28 U.S.C. § 1359. The Fifth Circuit recognizes two ways for a removing defendant to establish improper joinder: (1) fraud in the pleading of jurisdictional facts, or (2) an inability of the non-diverse plaintiff to establish a cause of action against the defendant in state court. *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(*en banc*).

The test for improper joinder under the second method is whether the defendant has demonstrated that "there is no possibility of recovery by the plaintiff" against the defendant, "which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the defendant. *See id.*; *see also Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). The removing party "bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood*, 385 F.3d at 574. The removing party's "showing must be such as compels the conclusion that the joinder

is without right and made in bad faith." *Chesapeake & O. R. Co. v. Cockrell*, 232 U.S. 146, 152 (1914). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch*, 491 F.3d at 281-82.

### III.  ANALYSIS

Plaintiffs assert a cause of action against Been for violation of the Texas DTPA. Specifically, Plaintiffs allege that Been violated § 17.46(b)(5) by representing that the insurance policy had characteristics that it did not have and violated § 17.46(b)(12) by representing that the insurance agreement involved rights and obligations which it did not have (in each case, representations regarding the premiums required for the policy). Plaintiffs also allege that Been violated § 17.46(b)(24) by failing to disclose information concerning the insurance policy (specifically the existence of the class action lawsuit) "which was known at the time of the transaction with the intention to induce [Plaintiffs] into a transaction into which [they] would not have entered had the information been disclosed." *See* First Amended Complaint, p. 6.

If the representations regarding the premiums necessary to maintain the policy were false, the statements could "constitute a deceptive act or practice for which not only the agent but his principal is accountable." *See Brown & Brown of Texas, Inc. v. Omni Metals, Inc.*, __ S.W.3d __, 2009 WL 4856782, *26 (Tex. App. – Houston

[1st Dist.] 2009); *see also Moody Nat'l Bank of Galveston v. St. Paul Mercury Ins. Co.*, 193 F. Supp. 2d 995, 1001 n.5 (S.D. Tex. 2002) (citing additional cases that recognize a cause of action under the DTPA for misrepresentations made by an insurance agent).

Because Texas recognizes a cause of action under the DTPA against an insurance agent for misrepresentations regarding the insurance policy, and because Plaintiffs allege that Been misrepresented the premium charges required to maintain the policy, Defendant has failed to establish that the Court has no reasonable basis to predict that Plaintiffs might be able to recover against Been in state court. As a result, Defendant has failed to satisfy its heavy burden on the improper joinder issue.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court concludes it lacks subject matter jurisdiction in this case and the action must be remanded to state court. Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion to Remand [Doc. # 12] is **GRANTED** and this case is remanded to the 129th Judicial District Court of Harris County, Texas, for lack of subject matter jurisdiction. It is further

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 14] is **DENIED WITHOUT PREJUDICE** to being reurged in state court following remand.

SIGNED at Houston, Texas, this 15th day of **March, 2010**.

Nancy F. Atlas
United States District Judge